**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES O'NEIL WIGGIN,

                Plaintiff - Appellant,

    v.

R. ROBIDEAU; et al.,

                Defendants - Appellees.

No. 13-36115

D.C. No. 2:12-cv-05046-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Washington state prisoner James O'Neil Wiggin appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994), and may affirm on any

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

Summary judgment was proper on Wiggin's claims against all defendants because, even assuming that Wiggin exhausted his administrative remedies, Wiggin failed to raise a genuine dispute of material fact as to whether defendants were involved in any search of his cell, and whether their four-day delay in providing him legal copies and an alleged disciplinary warning would have chilled or silenced a person of ordinary firmness from exercising their First Amendment rights.  *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (elements of a retaliation claim in the prison context include retaliatory motive, adverse action, and chilling of First Amendment rights); *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (causation requirement under § 1983).

We do not consider the district court's post-judgment order denying Wiggin's motion for reconsideration because Wiggin did not file a new or amended notice of appeal from that order.  *See* Fed. R. App. P. 4(a)(4)(B)(ii).

**AFFIRMED.**